UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS CLARK RUNNER,

      Petitioner,

                                    CASE NO. 15-12244

v.

                                    PAUL D. BORMAN
BONITA HOFFNER,                 UNITED STATES DISTRICT JUDGE

      Respondent.
_____/

**OPINION AND ORDER
GRANTING RESPONDENT'S MOTION
FOR SUMMARY JUDGMENT (ECF NO. 7),
DENYING PETITIONER'S CROSS MOTION
FOR SUMMARY JUDGMENT (ECF NO. 9),
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Dennis Clark Runner has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254 challenging his state convictions for second degree murder, Mich. Comp. Laws § 750.317, and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. Petitioner currently is serving a sentence of forty to 150 years for the murder conviction.

Respondent Bonita Hoffner has moved for summary judgment and dismissal of the habeas petition on the ground that Petitioner failed to comply with the one-year statute of limitations. Petitioner filed a cross-motion for summary judgment, arguing that there was no delay in filing his petition and that his petition is timely.

The Court agrees with Respondent that the habeas petition is untimely. Accordingly, Respondent's motion is granted, and Petitioner's motion is denied. A procedural history and analysis follow.

## I. Background

Petitioner was charged in Oakland County, Michigan with open murder[1] and felony firearm. The charges arose from allegations that,

> on the night of the murder, [Petitioner] drove around looking for a man that he believed was having an affair with his wife. When [Petitioner] thought he found that man, he approached the man with a shotgun and shot him several times at close range – killing him. It turned out that the man [Petitioner] killed was not the man having an affair with his wife.

*People v. Runner*, No. 87-079714-FC (Oakland County Cir. Ct. Apr. 19, 2013).

Petitioner waived his right to a jury trial and was tried before a judge in Oakland County Circuit Court. On December 10, 1987, the trial court found Petitioner guilty of second-degree murder and felony firearm. The court sentenced Petitioner on December 22, 1987, to two years in prison for the felony firearm conviction and to a consecutive term of forty to 150 years in prison for the murder conviction.

Petitioner appealed by right, claiming that his sentence of forty to 150 years was invalid because the minimum term exceeded his life expectancy. The Michigan Court of Appeals affirmed Petitioner's sentence in an unpublished opinion after concluding that Petitioner's sentence was neither invalid, nor excessive. *See People v. Runner*, No.

---

[1] A charge of "open murder" is murder of an unspecified degree; it allows the fact-finder to determine whether the accused committed first- or second-degree murder. *Taylor v. Withrow*, 288 F.3d 846, 849 (6th Cir. 2002); Mich. Comp. Laws § 750.318.

107114 (Mich. Ct. App. Mar. 16, 1989). Petitioner filed a letter request for leave to appeal in the Michigan Supreme Court, but the state supreme court denied leave to appeal because it was not persuaded to grant relief. *See People v. Runner*, No. 86010 (Mich. Sup. Ct. Nov. 29, 1989).

Decades later in March or April of 2013, Petitioner filed a motion for relief from judgment.[2] He asserted that his sentence was invalid because the state court miscalculated or ignored the sentencing guidelines and because the prosecutor argued in favor of a life sentence. Petitioner also alleged that his appellate attorney was ineffective for failing to raise Petitioner's sentencing claims on direct appeal. The state trial court denied Petitioner's motion under Michigan Court Rule 6.508(D)(3) because Petitioner failed to establish "good cause" for not raising his claims on direct appeal and "actual prejudice from the alleged irregularities."

The Michigan Court of Appeals denied Petitioner's application for leave to appeal the trial court's decision because Petitioner failed to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Runner*, No. 316526 (Mich. Ct. App. Oct. 30, 2013). On March 28, 2014, the Michigan Supreme Court denied leave to appeal for the same reason, *see People v. Runner*, 495 Mich. 978 (2014), and on June 24, 2014, the Michigan Supreme Court denied Petitioner's motion for reconsideration. *See People v. Runner*, 496 Mich. 862 (2014).

---

[2] Petitioner signed his motion for relief from judgment on March 5, 2013, *see* ECF No. 8-12, Pg ID 1367, but the state trial court's docket entries indicate that the motion was filed on April 23, 2013, *see* ECF No. 8-1, Pg ID 366.

Petitioner filed a petition for writ of certiorari in the United States Supreme Court, but the Supreme Court denied his petition on October 20, 2014. *See Runner v. Michigan*, 135 S. Ct. 410 (2014). On December 15, 2014, the Supreme Court denied Petitioner's request for a rehearing. *See Runner v. Michigan,* 135 S. Ct. 888 (2014).

Petitioner signed and dated his habeas petition on June 9, 2015, and on June 12, 2015, the Clerk of the Court filed the petition. As grounds for relief, Petitioner asserts the following: (1) he is actually innocent of premeditating the murder; (2) on post-conviction review, the state courts made decisions that were contrary to Supreme Court precedent when they refused to act on his claim that he is actually innocent; (3) the state courts deprived him of due process by failing to abide by mandatory sentencing guidelines; and (4) appellate counsel was ineffective for failing to pursue the matter of a lack of premeditation. As noted above, Respondent maintains that these claims are time-barred.

## II.  Analysis

### A.  The Statute of Limitations

The Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Respondent's motion for summary judgment and dismissal of the habeas petition is based on the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). AEDPA governs this case because Petitioner filed his habeas petition in 2015 after AEDPA was enacted.

*Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997); *Muniz v. Smith*, 647 F.3d 619, 622 (6th Cir. 2011).

AEDPA established a one-year period of limitation for state prisoners to file their federal habeas corpus petitions. *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)). The period of limitations ordinarily runs from the latest of following four dates:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). "The limitation period is tolled, however, during the pendency of 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.' " *Kholi*, 562 U.S. at 550-51 (quoting § 2244(d)(2)).

**B. Application**

Petitioner did not appeal to the United States Supreme Court on direct review. Therefore, his convictions became final in the early part of 1990, ninety days after the

5

Michigan Supreme Court denied leave to appeal on direct review. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012) (explaining that, for petitioners who do not pursue direct review all the way to the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires"); *see also* Sup. Ct. R. 13.1 (a petition for writ of certiorari to review a judgment entered by a state's highest court must be filed in the United States Supreme Court no later than ninety days after entry of the state court's judgment).

AEDPA's statute of limitations, however, was enacted on April 24, 1996, several years after Petitioner's convictions became final. As a result, he was entitled to a one-year grace period (from April 24, 1996, to April 24, 1997) to file his habeas petition. *Stokes v. Williams*, 475 F.3d 732, 734 (6th Cir. 2007).

Although the deadline for filing Petitioner's habeas corpus petition was April 24, 1997, he did not file his petition until 2015. And even though the limitations period is tolled while a properly filed post-conviction motion is pending in state court, 28 U.S.C. § 2244(d)(2), Petitioner filed his motion for relief from judgment in 2013. By then, the limitations period had expired. His motion did not revive the limitations period or re-start the clock at zero. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D. N.Y. 1998)); *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002). The tolling provision of § 2244(d)(2) "can only serve to pause a clock that has not yet fully run. Once the limitations period is expired,

6

collateral petitions can no longer serve to avoid a statute of limitations." *Rashid*, 991 F. Supp. at 259. The habeas petition therefore is time-barred, absent equitable tolling of the limitations period.

## C. Equitable Tolling

AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). But "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (adopting *Holland's* two-part test for determining whether a habeas petitioner is entitled to equitable tolling).

Petitioner clearly has not been diligent in pursuing his rights. After AEDPA was enacted in 1996, he waited almost seventeen years to challenge his sentence in a motion for relief from judgment. Petitioner also has not shown that some extraordinary circumstance prevented him from filing a timely habeas petition. The Court therefore declines to equitably toll the limitations period.

## D. Actual Innocence

The Supreme Court has held that actual innocence, if proved, serves as a gateway through which a habeas petitioner may pass when the impediment to consideration of the merits of a petitioner's constitutional claims is the expiration of the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Supreme Court cautioned,

however, that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Petitioner asserts that he is actually innocent of first-degree, premeditated murder and, therefore, he meets the *McQuiggen* test. But he was convicted of second-degree murder, and he admitted in the brief supporting his motion for relief from judgment that he shot and killed the victim. *See* ECF No. 8-12, Pg ID 1380. Furthermore, he has failed to present the Court with any new and credible evidence demonstrating that he is actually innocent of second-degree murder. Therefore, Petitioner's claim of actual innocence is not a tenable basis for consideration of the substantive merits of his constitutional claims.

### III. Conclusion

Petitioner filed his habeas corpus petition more than sixteen years after the one-year statute of limitations expired, and, for the reasons given above, he is not entitled to equitable tolling of the limitations period. He also has failed to allege a tenable actual-innocence claim. Respondent therefore is entitled to judgment as a matter of law, and her motion for summary judgment and dismissal of the habeas petition (ECF No. 7) is **GRANTED**. Petitioner's cross-motion for summary judgment (ECF No. 9) is **DENIED**. The petition for writ of habeas corpus (ECF No. 1) is **DISMISSED** with prejudice.

The Court **DECLINES** to grant a certificate of appealability because reasonable jurists would not debate the correctness of the Court's procedural ruling, nor "find it

debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner nevertheless may proceed *in forma pauperis* on appeal because he was granted leave to proceed *in forma pauperis* in this Court, and an appeal could be taken in good faith. Fed. R. App. P. 24(a)(3)(A).

                                                    s/Paul D. Borman
                                                    PAUL D. BORMAN
                                                    UNITED STATES DISTRICT JUDGE

Dated: February 11, 2016

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 11, 2016.

                                                    s/Deborah Tofil
                                                    Deborah Tofil
                                                    Case Manager (313)234-5122