UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS CLARK RUNNER,

    Petitioner,

v.                                         CASE NO. 15-12244

BONITA HOFFNER,                 PAUL D. BORMAN
                                               UNITED STATES DISTRICT JUDGE

    Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION
## FOR A CERTIFICATE OF APPEALABILITY
(ECF No. 12)

### I. Introduction

On June 12, 2015, petitioner Dennis Clark Runner filed a *pro se* habeas corpus petition challenging his 1987 state convictions. Petitioner was charged with open murder and felony firearm, but on December 10, 1987, an Oakland County circuit judge acquitted Petitioner of first-degree murder and found Petitioner guilty of the lesser offense of second-degree murder, Mich. Comp. Laws § 750.317, and felony firearm, Mich. Comp. Laws § 750.227b. On December 22, 1987, the trial judge sentenced Petitioner to two years in prison for the felony firearm conviction and to a consecutive term of forty to 150 years in prison for the murder conviction. Petitioner's sentence was affirmed on appeal, and he was unsuccessful when he pursued post-conviction remedies decades later in 2013.

Petitioner filed his habeas corpus petition in June of 2015. He alleged as grounds for relief that: (1) he was actually innocent of premeditating the murder; (2) the state courts refused to act on his claim of actual innocence; (3) the state courts deprived him of due process by failing to abide by the mandatory sentencing guidelines; and (4) appellate counsel was ineffective for failing to pursue the issue of his lack of premeditation. On February 11, 2016, the Court granted the State's motion for summary judgment and dismissed the habeas petition for failure to comply with the one-year statute of limitations. In the same opinion and order, the Court declined to issue a certificate of appealability.

On March 2, 2016, Petitioner filed a notice of appeal and a motion for a certificate of appealability. Petitioner alleges in his motion that the Court failed to recognize that his sentence for second-degree murder was enhanced by twenty-five years on the basis that he premeditated the crime. Petitioner argues that he was acquitted of premeditated murder and that he should not have been sentenced as if he committed premeditated murder.

## II. Analysis

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here,

2

> the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner's habeas petition was untimely because it was filed years after the statute of limitations ran. Petitioner nevertheless argues in his motion for a certificate of appealability that his innocence exempts him from application of the statute of limitations.

It is true that actual innocence, if proved, serves as a gateway through which a habeas petitioner may pass when the impediment to consideration of the merits of a petitioner's constitutional claims is the expiration of the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But " 'actual innocence' means factual innocence, not mere legal insufficiency," *Bousley v. United States*, 523 U.S. 614, 623 (1998), and the Supreme Court has cautioned that

> tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup [v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851(1995)]; see *House [v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064 (2006)] (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U.S., at 332, 115 S.Ct. 851.

*McQuiggin*, 133 S. Ct. at 1928.

3

Petitioner admitted in a state-court brief that he shot and killed the victim, *see* Brief in Support of Mot. for Relief from Judgment, ECF No. 8-12, at 19, Pg ID 1380, and at his sentencing, he implied that he could not justify what he had done, *see* Sentencing Tr., ECF No. 8-11, at 21, Pg ID 1358. Furthermore, Petitioner currently is not claiming to be actually innocent of second-degree murder, the crime for which he was convicted and sentenced. Instead, he is challenging the legality of his sentence. Finally, Petitioner's unjustifiable delay in filing his habeas petition tends to show that his claim of actual innocence is not reliable. *Cf. McQuiggin*, 133 S. Ct. at 1928 (stating that "a federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown").

The Court concludes that Petitioner's claim of actual innocence is not a tenable basis for consideration of the merits of his claims. Therefore, reasonable jurists would not debate the Court's prior ruling that the habeas petition was untimely. Reasonable jurists also would not debate whether the petition states a valid claim of the denial of a constitutional right. Accordingly, the Court denies Petitioner's motion for a certificate of appealability (ECF No. 12).

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: MAY 19 2016